# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. BREMSER,            ) | 1:12-mc-00003 AWI GSA |
| )                                   | |
| Plaintiff,             ) | **ORDER PERMITTING SERVICE OF** |
| )                                   | **BANK LEVY BY REGISTERED** |
| v.                                 ) | **PROCESS SERVER** |
| )                                   | |
| RYAN MICHAEL SWEENEY,   ) | |
| )                                   | |
| Defendant.         ) | |
| _____) | |

**RELEVANT PROCEDURAL BACKGROUND**

*Bankruptcy Proceeding*

On September 1, 2010, United States Bankruptcy Judge Whitney Rimel of the United States Bankruptcy Court for the Eastern District of California, Fresno Division, issued an Order and Judgment Following Court Trial in the matter entitled *In re: Ryan Michael Sweeney and Melissa Ann Sweeney*, Bankruptcy Case No. 08-17706 WR.  Specifically, Plaintiff and Creditor Michael D. Bremser ("Bremser") was awarded a judgment against Defendant and Debtor Ryan Michael Sweeney ("Sweeney") in the amount of $510,513.00 plus interest.  (Doc. 1 at 2-4.)

On December 22, 2011, an Acknowledgment of Assignment of Judgment was filed in the bankruptcy proceeding, whereby Bremser assigned all rights, title and interest in the

aforementioned judgment to Mandy Power ("Power").  As assignee, Power was authorized to recover, compromise, enforce and settle the judgment.  (Doc. 1 at 5-6.)

*Instant Proceeding*

On January 24, 2012, a Certification of Judgment for Registration in Another District was filed with this Court, accompanied by copies of the order and judgment rendered in the bankruptcy court, as referenced above.  (Doc. 1 at 1.)  That same date, assignee of record Power filed a Memorandum of Costs After Judgment, Acknowledgment of Credit, and Declaration of Accrued Interest with this Court.  (Doc. 2.)

On January 26, 2012, the Court issued a Writ of Execution identifying Power as assignee of record and Sweeney as judgment debtor.  The judgment, plus the accumulated pre-judgment interest, was recorded as $730,580.23, and the interest after judgment was $2,632.62, for a total sum of $733,212.85.  (Doc. 3.)

Thereafter, on February 27, 2012, Power filed an *ex parte* application and Motion to Permit Service of Bank Levy by Registered Process Server.  (Docs. 4 & 6.)  Those documents were accompanied by an Application and Order for Appearance and Examination.  (Doc. 5.)

## DISCUSSION

The execution of final judgments is governed by Rule 69(a) of the Federal Rules of Civil Procedure.  It provides as follows:

> (1) **Money Judgment; Applicable Procedure**.  A money judgment is enforced by writ of execution, unless the court directs otherwise.  The procedure on execution - and in proceedings supplementary to and in aid of judgment or execution - must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.
> (2) **Obtaining Discovery**.  In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person - including the judgment debtor - as provided in these rules or by the procedure of the state where the court is located.

Fed. R. Civ. P. 69(a).  Pursuant to Rule 69(a), post-judgment enforcement proceedings must comply with California law.  *Credit Suisse v. U.S. Dist. Court for Cent. Dist. of California*, 130 F.3d 1342, 1344 (9th Cir. 1997); *Hilao v. Estate of Marcos*, 95 F.3d 848, 853 (9th Cir. 1996).

2

Under California law, a registered process server may levy under a writ of execution on property specified in California Code of Civil Procedure section 699.080(a). A registered process server is a person registered as a process server pursuant to the California Business and Professions Code. *See* Cal. Civ. Proc. Code § 481.250, citing Cal. Bus. & Prof. Code §§ 22350-22360. This authority is limited to cases where the levy does not involve the possibility of taking immediate possession of the property. California Code of Civil Procedure section 699.080 provides:

> (a) A registered process server may levy under a writ of execution on the following types of property:
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
> (5) Deposit accounts, pursuant to Section 700.140.
> (6) Property in a safe-deposit box, pursuant to Section 700.150.
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
> (b) Before levying under the writ of execution, the registered process server shall deposit a copy of the writ with the levying officer and pay the fee provided by Section 26721 of the Government Code.
> (c) If a registered process server levies on property pursuant to subdivision (a), the registered process server shall do both of the following:
> (1) Comply with the applicable levy, posting, and service provisions of Article 4 (commencing with Section 700.010).
> (2) Request any third person served to give a garnishee's memorandum to the levying officer in compliance with Section 701.030 on a form provided by the registered process server.
> (d) Within five court days after levy under this section, all of the following shall be filed with the levying officer:
> (1) The writ of execution.
> (2) A proof of service by the registered process server stating the manner of levy performed.
> (3) Proof of service of the copy of the writ and notice of levy on other persons, as required by Article 4 (commencing with Section 700.010).
> (4) Instructions in writing, as required by the provisions of Section 687.010.
> (e) If the fee provided by Section 26721 of the Government Code has been paid, the levying officer shall perform all other duties under the writ as if the levying officer had levied under the writ and shall return the writ to the court. If the registered process server does not comply with subdivisions (b) and (d), the levy is ineffective and the levying officer is not required to perform any duties under the writ and may issue a release for any property sought to be levied upon.
> (f) The fee for services of a registered process server under this section shall be allowed as a recoverable cost pursuant to Section 1033.5.
> (g) A registered process server may levy more than once under the same writ of execution, provided that the writ is still valid.

This Court has reviewed the documents filed by the assignee, Ms. Power. The Court finds that Ms. Power is a registered process server, having filed a certificate of registration in Placer County, number 09-004. Based on the declaration of Ms. Power, the Court finds that the interests of justice would be served by relieving the United States Marshal from effectuating certain types of services necessary to enforce collection of the judgment in this action. The Court also notes that the use of a process server is routine in the enforcement of judgments and is authorized by California law.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Assignee Mandy Power may perform the duties and responsibilities of a levying officer as defined under California Code of Civil Procedure section 699.080; and

2. Assignee Mandy Power SHALL comply with the requirements of the California Code of Civil Procedure concerning the enforcement of judgments, including California Code of Civil Procedure section 699.080.

IT IS SO ORDERED.

Dated:    March 2, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE